# WRIT NO. W08-60876-H(E)

EX PARTE
RAYMOND CHARLES JACKSON JR.,
#1570860

IN THE CRIMINAL
DISTRICT COURT NO. 1
DALLAS COUNTY, TEXAS

## APPLICANT'S OPPOSITION TO STATE'S PROPOSED FINDINGS OF FACTS, CONCLUSIONS OF LAW, AND ORDER.

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 13 2015

Abel Acosta, Clerk

In seeking Habeas Corpus relief, applicant assumes the burden of proving his factual allegations by preponderance of evidence, Vernon's Ann. Texas C.C.P art. 11.07 Id. pg 282, Court of Criminal Appeals is not bound by Trial Court's findings and conclusions of law in State Habeas Corpus proceedings but is obliged to determine if record developed supports those findings, if record will not support trial judge's conclusion, Court of Criminal may make contrary findings, from Court of Criminal Appeals.

i. The Court contends in the present application, Applicant failed to allege sufficient, specific facts establishing that the grounds asserted in the present application were not or could not have been presented previously because the factual or legal basis for the claims were unavailable. The trial court erred in this finding based upon the Constitutional Violations of the 4th and 14th Amendment, the INVALID WARRANT supported by record of Detective Gerald Baum never spoke to any witnesses, lacked any personal

knowledge of this offense, yet Det. Baum inserted his own opinion as true and correct by swearing to a Judge (see Vol.3 of 6 pg115 lines 1 thru 22) the age of the alleged victim as "Six", in fact the actual age during the timeline of Aug 2002-Jan 2003 would have been 8 yrs old (See Statement of Facts) The record also supports Det. Baum saying "he did nothing on this case" no investigation (See Vol.3 of 6 pg 120 lines 1 thru 17, this constitutional violation of Due Process has merit based upon the illegal misconduct of Det. Baum Knowingly and intentionally committing perjury to obtain the warrant. This shows a fundamental miscarriage of justice.

2. DUE TO THIS NEW EVIDENCE there is no abuse of writ.
   The State continues to ignore or address the 2nd Ground "Presumption of Correctness" which shows the untruthfulness of the State saying this document (Motion of Limine) was missing from the records (see Ex#2-#3) therefore the previous claims were dismissed as having no merit because no record was available. Due to the dilligence of searching the discovery of this document does show Merit (see Ex #1) the letter from Oliver and Oliver verifying the location of the Suppression List. This document was drafted by the State to impede applicant's opportunity to confront and effectively cross-examine Claudia Fowler, by suppressing the mother has placed the same charges on (2) other men.

The discovery of this document also shows the newly discovered evidence was relevant, confirms the structual error because the State filed a frivilous motion to suppress evidence (#8-#15)

3. The State's claim of applicant raising the same claims on Ground #3 and #4 is also incorrect. Previous claims of ineffective assistance of counsel were brought forth based on the signature of Baum on the warrant, but these claims were dismissed because the record didn't support these claims. The record does support the perjured statement of Det. Baum. admission he guessed the wrong age of the alleged victim, but swore to the Judge as true and correct. Both trial and appellate counsel failed in protecting Applicant from the invalid warrant by not following the proper procedure to insure the 6th Amendment, the Due Process violation should have been addressed on both levels at trial and appeal. Had this issue been challenged the outcome would have been different.

5. Applicant contends that he had a trial by jury and the jury found him guilty, however his actual innocence, rests on the hinges that the Constitutional errors in his trial caused him to be found guilty (see Memorandum and Amended Memorandum) concerning the Motion of Limine from #8-#15 and the invalid warrant supported by record showing the "Presumption of Correctness" in the 2nd ground is

tied to showing of actual innocence. In Murray v Carrier 106 S.Ct 2639 (1985) the court recognized that some mechanism must be provided for applicants who cannot establish cause or prejudice, but are victims of serious constitutional violations. As a result, the Court created a narrow exception for those applicants who can establish a constitutional violation probably resulted in the conviction of someone who is actually innocent. Namely the 4th, 6th, 14th Amendments violations helped to find the Applicant guilty, thereby a Miscarriage of Justice.

Humbly Submitted,

Raymond C Jackson Jr.
#1520860

I certify that a true copy of this document was served to State on Feb 11,2015. Service placed in prison mailing system (133 N. Riverfront Blvd LB-19 Dallas, Tx 75207